**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-40771**
**Summary Calendar**

---

**J. D. STARLING,**

**Petitioner-Appellant,**

**VERSUS**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
For the Eastern District of Texas, Tyler
(6:96-CV-222)

---

June 3, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

BY THE COURT:

On March 11, 1996, Starling filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus in the United States District Court for the Eastern District of Texas. This petition was assigned to the magistrate judge who on April 12 ordered the State to respond thereto. On June 4, 1996, the State filed a motion to dismiss for abuse of the writ under *McCleskey v. Zant*, 499 U.S.

467, 489, 111 S. Ct. 1454, 1467-68 (1991). Attached to this motion to dismiss were copies of the Order of Dismissal and magistrate judge's report in a prior habeas corpus proceeding filed by Starling in 1988 in the same federal district court. On June 14, 1996, the magistrate judge entered a Report and Recommendation that the petition be dismissed without prejudice because this was Starling's second or successive petition for habeas corpus and under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Starling was required to secure an order from the appropriate Court of Appeals authorizing the district court to consider such application. The district judge adopted the Report and Recommendation of the magistrate judge and entered an Order of Dismissal without prejudice on July 22, 1996. Starling timely appealed. On November 26, 1996, a judge of this Court entered an order granting Starling's request for a certificate of appealability "as to the district court's application of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to his pending habeas corpus petition." In this same order, the judge of this Court denied Starling's motion for an order authorizing the district court to consider a successive habeas corpus application. In this same order, the judge of this Court ordered that the briefing schedule in this case be held in abeyance pending disposition of *United States v. Cole*, No. 96-40567, as to the applicability of the Prison Litigation Reform Act

2

of 1996, Pub. L. 104134, to a § 2254 appeal. By decision filed December 9, 1996, another panel of this Court determined in **United States v. Cole**, No. 96-40567, that the Prison Litigation Reform Act of 1995 does not apply to habeas corpus proceedings. On March 31, 1997, the State filed a motion to dismiss this appeal for lack of jurisdiction. On April 14, 1997, Starling filed a response to the motion to dismiss this appeal which we have considered though late filed.

**OPINION**

We **DENY** the State's motion to dismiss this appeal for lack of jurisdiction. The inclusion of the phrase "at this time" in the November 26, 1996, Order of another judge of this Court persuades us that the denial of Starling's motion for an order of this Court authorizing the district court to consider a successive habeas corpus application was not intended as a definitive ruling on the merits of the issue of whether his current petition could satisfy the requirements of 28 U.S.C. § 2244(b)(2).

The effective date of AEDPA was April 24, 1996. Starling's petition for writ of habeas corpus now before us was filed prior to that effective date. We do not read 28 U.S.C. § 2244(b)(3)(A) as applying to petitions for writ of habeas corpus filed prior to the effective date of AEDPA even though such petitions may be second or successive habeas corpus petitions. Consequently, we find that the

magistrate judge and district judge were in error in concluding that an order from this Circuit Court permitting a second or successive habeas corpus petition was required and in dismissing without prejudice Starling's petition. Accordingly, we **VACATE** and **REMAND** this case to the district court for further consideration as to the merits of such petition under § 2244(b)(1) and (2).